# Richmond.

THOMAS AND ALS. v. THOMAS, TRUSTEE AND ALS.

### JANUARY 29th, 1885.

1. W. conveyed his property in February, 1880, to a trustee to sell and pay his debts according to priorities as shown by the judgment lien docket. Trustee in October, 1880, advertised sale at time and terms prescribed. W. gets the sale of the realty enjoined to have an account of debts. Account is taken and reported. Exceptions are filed on the alleged grounds that there is insufficient proof of certain debts, which the undisproved statement of the report showed were founded on the debtor's bonds, and that the proceeds of the personalty should be applied to the proper debts and the balances ascertained before the realty should be subjected, although those proceeds were only $250.87, whilst the realty was valued at $8,000, and the debts aggregated $12,000. The exceptions being overruled, the realty was decreed to be sold. Upon appeal—

HELD :

> Under the circumstances the debts stated in the report must be regarded as fully established ; and there was no necessity to delay the sale for the distribution of so small a sum.

2. *Judicial Sales—Interpleaders.*—After sale has been made and reported, a petition, filed by persons not parties to the suit and setting up a vague and indefinite interest in the land and praying that the sale be not confirmed, should not be entertained, but the petitioners should be left to litigate their rights in some other proceeding.

Appeal from two decrees of circuit court of Madison county, rendered 21st April, 1882 and 24th September, 1882, respectively in the chancery cause therein pending under the style of Thomas v. Thomas, trustee & als. By the first, only Wm. Thomas, the complainant in the suit, professed to be aggrieved.

But by the second, not only he, but A. R. Thomas, Eggborn O'Bannon, Thomas C. Howard and wife, G. S. M. Payne, trustee for Mrs. Howard and her children, under the will of Albert Thomas, deceased, who filed their petition in said cause 22d September, 1882, claiming an interest in the land which had been sold under the first decree, as the land of the said Wm. Thomas, and praying that the sale be not confirmed, also professed to be aggrieved by the dismission of their said petition. Opinion states the case.

*J. L. Jeffries*, for the appellants.

No counsel appeared for appellee.

HINTON J., delivered the opinion of the court.

In February, 1880, William Thomas, one of the appellants, and the only one who appeals from the first of the decrees complained of upon this appeal, being, as the record shows, indebted to an extent largely in excess of his entire estate, real and personal, conveyed to one R. S. Thomas all the lands belonging to him, consisting of a tract of near four hundred acres on the Robertson river, in the county of Madison, upon which he was residing, and a parcel of about twenty-eight acres also in said county, together with all of his personal property, excepting only such articles as are exempt from distress or levy under the laws of this State: "in trust to secure all the debts which he, the said William Thomas, lawfully owes, and to secure payment of the same in the order of their legal priorities, as shown by the judgment lien docket and other records in the clerk's office of said county, to which reference is made for a more particular account of the said debts; provided, however, that the real and personal property hereby conveyed shall

be sold not sooner than the fall of the present year; and that the land shall be sold on a credit of one, two and three years in equal installments, the credit payments bearing interest from the day of sale; that the said personal property shall be sold on such terms as the said trustee shall deem best; and that as to the lands and personalty heretofore leased by the said William Thomas to Alexander R. Thomas for the year 1880, the same shall be sold subject to said lease," &c.

The said William Thomas had previously, in the month of January, 1880, leased to the above-mentioned A. R. Thomas the farm mentioned above as containing nearly 400 acres, with the exception of the dwelling and curtilage and some few acres of land which he reserved for his own use, and had delivered to the said A. R. Thomas nearly all of the trust property subsequently conveyed by the trust deed, "to be used in operating the farm during the year 1880." And in payment of the rent of this farm, he, the said lessor, accepted a credit of $475 on a bond for $1,402.50, which he professed to owe the said A. R. Thomas for services theretofore rendered him.

In this state of the case, the trustee having advertised, in accordance with the provisions of the trust deed, the property for sale on the 20th of October, 1880, the grantor, William Thomas, filed his bill, in which, amongst other things, he alleges "that his creditors are many, some having priority of liens over others, and some of the debts consist of unascertained balances, there being no record or other evidence as to the amounts due as balances upon many of the debts, the time and actual amounts of which can only be ascertained by reference to a commissioner, and cannot be fixed by the trustee himself." He charges that the land will sell for a better price after the amounts and priorities of the several creditors, and each creditor, being informed of the amount of his debt and how he stands with regard to the other creditors, will know

how, in view of his own interest, he may compete with bidders for the said property. He prays that the trustee may be enjoined from making sale of all the property—that the creditors may be convened and the necessary accounts be taken of their debts with their respective priorities. An injunction was awarded in accordance with the prayer of the bill, except as to the personal property. The necessary accounts were ordered and taken; and at the April term, 1882, the court overruled all of the exceptions to this report except the fifth, and appointed commissioners to make sale of the real estate. The objections to decree, which is the first one of the two complained of, may be reduced to two. First, That there was not sufficient proof as to some of the debts reported; and, second, That the land ought not to have been decreed to be sold before the proceeds of the sale of the personalty had been applied to the proper debts and proper balances ascertained. Now, without undertaking to examine these exceptions in detail, it seems to me sufficient to say that an examination of this record shows that everything has been done that ought to have been done to protect the interests of this appellant, William Thomas, in the taking of these repeated accounts, and the commissioner having reported that these debts were founded on the bonds of the appellant—a statement which must be taken as true until disproved—the debts must be regarded as fully established. Upon the point of the second objection, nothing more need be said than that under the circumstances of this case, where the debts are shown to amount to $12,000 or $13,000, and the proceeds of the sale of the personalty was only $250.87, there could be no necessity for delaying the sale of the lands, worth only about $8,000 or $10,000 at the outside, until there had been a distribution of the proceeds of the sale of such personalty.

In the further progress of the cause, and after the sale of the

lands had been reported to court, the other appellants intervened and filed a petition claiming an interest therein, the exact character and quantity of which they acknowledge they are not able to define, and ask that the sale may be set aside and the interest only of William Thomas may be sold.  But the court dismissed the petition, but without prejudice to any party to litigate his rights in any other proceeding.  And then, upon the suggestion that there might be a cloud upon the title to the property which had been stated to the purchaser to be perfect, it, with the consent of the creditors, further decreed that the purchaser should not be required to pay the purchase money beyond costs of suit and expenses of sale until all clouds should be removed by proper proceedings.  And from this decree all of the appellants appealed.  But we find no error of which they can complain.  The petition ought to have been dismissed.  It was not only too indefinite and vague in its allegations to justifiy the court in acting upon it, and being filed by parties some, if not all of whom must have known of this suit from its inception, it came entirely too late.  As to the delay in the collection of the purchase money, it need only be said that if the creditors, who are the only parties really interested therein, are satisfied, the appellants can have no just cause of complaint.

We find no ground for reversing the decrees of the circuit court of Madison county, or either of them, and they must therefore be affirmed.

DECREE AFFIRMED.